UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL PAUL DALTON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SEATTLE, et al.,<br><br>Defendants. | Case No. C22-1173RSM<br><br>ORDER DENYING TRO AND DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT |

*Pro se* Plaintiff Michael Paul Dalton has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #3. The Complaint was posted on the docket on August 24, 2022. Dkt. #4. Summonses have not yet been issued.

Mr. Dalton brings this case against the City of Seattle, Officers Ivanov and Webber, and an unnamed call taker. *Id.* at 2. He alleges violations of the First Amendment right to petition for redress and the equal protection clause of the Fourteenth Amendment. *Id*. at 6. The events giving rise to these violations occurred on September 14, 2020. *Id*. He alleges Defendants discouraged him from reporting "a harassment crime" to the FBI, "refused to view evidence of computer trespass and identity theft," and told him "that isn't a crime." *Id.* A nonemergency call taker told him he had "an ISP issue." *Id.* He accuses Defendants of a discriminatory pattern of behavior based on the above. There are no further details. He says that the above led

ORDER DENYING TRO AND DIRECTING PLAINTIFF TO FILE AMENDED
COMPLAINT - 1

to "extraordinary emotional pain and suffering including anxiety, depression, and PTSD that has resulted in the plaintiff fleeing the state." *Id.* He seeks 5.25 million dollars. *Id*. at 4.

The Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

As it currently stands, Plaintiff's complaint fails to state a claim upon which relief can be granted. It is devoid of sufficient facts to bring a cause of action against these Defendants for these claims. For example, the Complaint fails to explain the nature of the "harassment crime" or provide any details of the "computer trespass." It is impossible for Defendants to respond to these allegations. Furthermore, the Complaint fails to connect Defendants' actions—declining to pursue a criminal investigation, discouraging Plaintiff from contacting the FBI—to violations of law. The Court is not convinced that Defendants lack the discretion to assess allegations and to decline to pursue investigations based on that assessment. Mr. Dalton has failed to adequately allege a pattern of discriminatory behavior. Mr. Dalton's Complaint suffers from deficiencies that, if not corrected in an Amended Complaint, require dismissal. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).

Accordingly, the Court hereby ORDERS that Plaintiff shall file an Amended Complaint **<u>no later than twenty-one (21) days from the date of this Order</u>**. In the Amended Complaint, Plaintiff must repeat all the elements of his existing Complaint (the parties, the causes of action, etc.) plus additional facts and citations to law addressing the above deficiencies. All relevant facts must be included in this single pleading document and not in attachments or other motions. Failure to file a timely Amended Complaint will result in dismissal of this case.

ORDER DENYING TRO AND DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT - 2

The Court now turns to Mr. Dalton's "Request for Temporary Injunction." Dkt. #6. The Court interprets this filing as a motion for a temporary restraining order under Rule 65(b).

"Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." Local Rule 65(b)(1). "The Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Unless these requirements are satisfied, "the moving party must serve all motion papers on the opposing party before or contemporaneously with the filing of the motion and include a certificate of service with the motion." Local Rule 65(b)(1).

Typically, to succeed on a TRO motion the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). The Ninth Circuit employs a "sliding scale" approach, according to which these elements are balanced, "so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). However, the moving party must still make at least some showing that there is a likelihood of irreparable injury and that the injunction is in the public interest. *Id*. at 1135.

ORDER DENYING TRO AND DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT - 3

Mr. Dalton requests "an injunction to prevent my arrest by the SPD based on alleged acts in connection with persons Carrie Russo, and Emma Airheart; possibly others." Dkt. #6. At 1. These names do not appear in the Complaint. Essentially, Mr. Dalton states that he was accused of stalking Ms. Russo in 2015 or shortly thereafter and became aware of an illicit tracking program installed on his computer in 2020. He believes the two are connected and that he is being investigated by the Seattle Police Department.

Mr. Dalton's three-page Motion lacks a certificate of service. The court therefore concludes that he has failed to serve a copy of this Motion on Defendants. He appears to seek a temporary restraining order without notice to and an opportunity to be heard by the adverse party. The Court finds that Mr. Dalton has failed to show immediate and irreparable injury, loss, or damage will result before the adverse party can be heard in opposition; his interactions with law enforcement occurred two years ago and he has failed to show any reason to believe that an arrest is imminent. This alone is a valid basis to deny this Motion.

The Court further finds that Mr. Dalton's Motion touches on subjects outside the scope of the Complaint, and likely outside the jurisdiction of this Court. Mr. Dalton has failed to show how the Court has jurisdiction over a local police department's law enforcement efforts based on the facts of this case. From this record, the Court strongly believes Mr. Dalton has a low likelihood of success on the merits, and that the public interest would not be served by granting this Motion.

Having considered the above Motion and the remainder of the record, the Court hereby finds and ORDERS:

1) Plaintiff's "Request for Temporary Injunction," Dkt. #6, is DENIED.

ORDER DENYING TRO AND DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT - 4

2)     Plaintiff shall file an Amended Complaint **no later than twenty-one (21) days from the date of this Order** as stated above.

3)     Plaintiff's Application to Proceed in District Court without Paying Fees or Costs, Dkt. #5, is DENIED AS MOOT. Plaintiff has already been granted leave to proceed IFP. Dkt. #3.

DATED this 2nd day of September, 2022.

*(signature)*

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE