UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL PAUL DALTON, | Case No. C22-1173RSM |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| CITY OF SEATTLE, et al., | |
| Defendants. | |

*Pro se* Plaintiff Michael Paul Dalton has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #3. The Complaint was posted on the docket on August 24, 2022. Dkt. #4. On September 2, 2022, the Court issued an Order finding that the Complaint "fails to state a claim upon which relief can be granted" because it "is devoid of sufficient facts to bring a cause of action against these Defendants for these claims." Dkt. #8. The Defendants in this case are police officers and those working with the police. The Court stated it is "not convinced that Defendants lack the discretion to assess allegations and to decline to pursue investigations based on that assessment" and that "Mr. Dalton has failed to adequately allege a pattern of discriminatory behavior." *Id.* The Court directed Plaintiff to amend his pleadings. Dkt. #8. Two days later, Mr. Dalton filed an Amended Complaint, and two days after that filed a Second Amended Complaint. Dkts. #9 and #10. Summonses have not yet been issued.

ORDER TO SHOW CAUSE - 1

The Court has reviewed the Second Amended Complaint. The named Defendants are the City of Seattle, Officer Webber, and "various officers and employees." Dkt. #10 at 2. Mr. Dalton now brings a case under § 1983 for violations of the First Amendment right to petition for redress, the equal protection clause of the Fourteenth Amendment, and due process under the Fifth Amendment. *Id*. at 3 and 6. The events giving rise to these violations occurred on September 14, 2020. *Id*. Officer Ivanov (no longer listed as a Defendant) discouraged him from reporting "crimes of harassment" from his landlord to the FBI. *Id.* at 6. Officer Ivanov allegedly said that "Plaintiff probably had PTSD from serving in the US Navy." *Id*. Defendant Officer Webber listened to Plaintiff and said, "that's not a crime; and even if it was it would be against Google because they own the data" and refused to look at further evidence. *Id*. A nonemergency call taker told him he had "an ISP issue" and that he was not reporting a crime. *Id.* While trying to report the same crimes to another officer, the officer responded by submitting the report to the Mental Health Unit without viewing the evidence. *Id.*

Mr. Dalton says the above "represents a de facto 'policy or custom' of the Seattle Police department they are responsible insofar as providing inadequate training and supervision." *Id.* There are no further details. He says that the above led to lost wages, emotional damages, and a loss of constitutional rights. *Id.* at 4. He includes no further details of how the above caused these harms. He seeks 5.25 million dollars. *Id*.

The Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's Second Amended Complaint appears to suffer from deficiencies that require dismissal. *See* 28 U.S.C. § 1915(e)(2)(B). It continues to lack key factual details including

ORDER TO SHOW CAUSE - 2

what crimes were actually being reported, what evidence Plaintiff presented to the Defendants, how the events of a single day could reflect a policy or custom of the Seattle Police Department, and how the above cause lost wages or emotional damages.  Plaintiff appears to argue he was discriminated against based on a perceived disability but does not state whether or not he has a disability or connect any of this to a source of law that would allow him to bring a cause of action based on that discrimination.  The Court is not convinced by this record that a claim can be brought under § 1983 for a violation of the equal protection clause based on disability discrimination.  It is the Court's opinion that these claims are frivolous.

In Response to this Order, Plaintiff must write a short and plain statement (1) addressing the above factual deficiencies, (2) explaining how Defendants' actions violate the First, Fifth, and Fourteenth Amendments in greater detail, and (3) how Defendants' actions cause the alleged harms.  **This Response may not exceed six (6) pages**.  Plaintiff is not to file additional pages as attachments.  The Court will take no further action in this case until Plaintiff has submitted this Response.

Accordingly, the Court hereby finds and ORDERS that Plaintiff shall file a Response to this Order to Show Cause containing the detail above **no later than twenty-one (21) days from the date of this Order**.  Failure to file this Response will result in dismissal of this case.

DATED this 7th day of September, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER TO SHOW CAUSE - 3