UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL PAUL DALTON, | Case No. C22-1173RSM |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| CITY OF SEATTLE, et al., | |
| Defendants. | |

This matter comes before the Court *sua sponte*. *Pro se* Plaintiff Michael Paul Dalton has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #3. The Complaint was posted on the docket on August 24, 2022. Dkt. #4. On September 2, 2022, the Court issued an Order finding that the Complaint "fails to state a claim upon which relief can be granted" because it "is devoid of sufficient facts to bring a cause of action against these Defendants for these claims." Dkt. #8. The Defendants in this case are police officers and those working with the police. The Court stated it is "not convinced that Defendants lack the discretion to assess allegations and to decline to pursue investigations based on that assessment" and that "Mr. Dalton has failed to adequately allege a pattern of discriminatory behavior." *Id.* The Court directed Plaintiff to amend his pleadings. Dkt. #8. Two days later, Mr. Dalton filed an Amended Complaint, and two days after that filed a Second Amended

ORDER OF DISMISSAL - 1

Complaint. Dkts. #9 and #10. On September 7, 2022, the Court reviewed the Second Amended Complaint, found it appeared to suffer from deficiencies that require dismissal under 28 U.S.C. § 1915(e)(2)(B), and ordered Plaintiff to address three specific points and to show cause why the case should not be dismissed. Dkt. #11. The response was limited by the Court to six pages and was to be filed within 21 days. *Id.* at 3. The Court warned Plaintiff, "[f]ailure to file this Response will result in dismissal of this case." *Id.* On September 27, 2022, Plaintiff filed a third Amended Complaint without leave. Dkt. #12. Plaintiff has not filed a timely Response to the Court's questions. Summonses have not yet been issued.

The Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff has not followed the instructions of the Court. He has not responded to the specific points raised in the Order to Show Cause. Plaintiff has not filed a timely Response brief, instead he has filed a Third Amended Complaint. This filing is not limited to six pages. Accordingly, this case is properly dismissed for failure to follow the Court's Order and under 28 U.S.C. § 1915(e)(2)(B).

The Court has nevertheless reviewed Plaintiff's Third Amended Complaint to see if it is properly dismissed based on the Court's earlier noted deficiencies.

The named Defendants are Carrie Russo, Officer Weber, and the Seattle Police Department. Dkt. #12 at 2. Mr. Dalton appears to still bring a case under § 1983 for violations of the First Amendment right to petition for redress, the equal protection clause of the Fourteenth Amendment, and due process under the Fifth Amendment. *Id.*[1] The events giving

---

[1] Plaintiff also includes many facts about alleged harassment and false reporting from new defendant Carrie Russo. Ms. Russo allegedly accused Plaintiff of stalking her in 2016 and 2017. Dkt. #12 at 6–8. Plaintiff's attempts to

ORDER OF DISMISSAL - 2

rise to these violations occurred on September 14, 2020. *Id*. at 7–8. Plaintiff states, "[a]fter an altercation with my landlord in the early morning… I called the SPD and Officer Ivanov responded to the scene. I told him I planned to report that my Gmail had been compromised several times, and that I found a remote desktop program as well as several instances of harassing behavior to the FBI." *Id.* Officer Ivanov (no longer listed as a Defendant) apparently discouraged him from reporting a crime. Officer Ivanov allegedly said that "Plaintiff probably had PTSD" from serving in the Navy. *Id.* at 11. Defendant Officer Weber listened to Plaintiff that same day and said, "that's not a crime; and even if it was it was it was against Google since they own the data" and refused to look at further evidence. *Id.* at 8. Officer Weber "repeatedly assured [Plaintiff] that no crime had been committed." *Id.* While trying to report the same crimes to another unknown officer, the officer responded by submitting the report to the Mental Health Unit without viewing the evidence. *Id.* at 11.

Mr. Dalton states, "the primary damage caused by both Carrie and Officer Weber has been Post Traumatic Stress Disorder (PTSD) categorized by obsessively thinking about the events in question, uncharacteristic aggression, feelings of abject hopelessness, panic attacks at the sight of law enforcement, the inability to feel safe as anyone could be either a collaborator of Carrie's, or undercover police. The Officer's actions instilled a pervasive sense of fear and a feeling that I needed to be hyper vigilant, that anyone could at any time commit crimes against me and they would go unanswered by law enforcement." *Id.* He seeks a restraining order against Carrie Russo "to prevent movement west of the 100th meridian and no contact either directly or vicariously with any person or interest to that of myself, family, friends, or

---

bring claims against Ms. Russo under §1983 are clearly frivolous as she could not plausibly be acting under color of law given this record. Plaintiff's other references to potential claims against Ms. Russo for, *e.g.*, sexual harassment, are clearly frivolous and/or time-barred. Plaintiff's claims against Ms. Russo for filing a "sham petition" are far afield of the claims alleged against the remaining Defendants, and were not previously pled. They appear frivolous, the Court would likely lack subject matter jurisdiction over them, and they would properly be brought in another action before a different court.

ORDER OF DISMISSAL - 3

associates…"; $250,000 from Officer Weber "in lost wages as a result of emotional pain and suffering;" and $5,000,000 from the Seattle Police Department in compensatory damages. *Id*. at 13.

The Court finds Plaintiff has failed to plausibly plead facts indicating these Defendants violated Plaintiff's First Amendment right to petition for redress, the equal protection clause of the Fourteenth Amendment, or due process under the Fifth Amendment. The Court continues to find that these pleadings are frivolous against these Defendants for the reasons stated in the Court's Order to Show Cause. Plaintiff fails to adequately plead a discriminatory policy or practice of Defendants, or that his treatment based on perceived PTSD could constitute a violation of the equal protection clause. Plaintiff has not been deprived of anything without due process. The Court is not convinced law enforcement lacked the discretion to assess allegations and to decline to pursue investigations based on that assessment. Defendants appear to have made their assessments based on the statements of Plaintiff rather than a review of his computer files. Claims related to evidence that was not collected by law enforcement to protect Plaintiff against some future potential criminal or civil action against him are hypothetical and best heard by the judge in those proceedings, if they happen. Plaintiff fails to adequately plead proximate cause or damages. Although the Court is sympathetic to Plaintiff's struggle with PTSD, he has not plausibly pled that Defendants are liable for the harms resulting from Plaintiff's mental condition, including lost wages or homelessness, or that such harms were proximately caused by declining to pursue a criminal investigation. The Court declines to bring state claims against Ms. Russo into this federal action, which was originally filed against the police under § 1983.

Given all of the above, dismissal under 28 U.S.C. § 1915(e)(2)(B) is warranted.

ORDER OF DISMISSAL - 4

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's claims are DISMISSED and this case is CLOSED.

DATED this 30th day of September, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 5